REQUESTED BY: James E. Dunlevey, State Court Administrator.
Is a condemnation action under Chapter 76, Article 7, a civil matter within the meaning of Section 33-123, for which a fee of ten dollars should be collected?
Are the fees provided in Section 33-126.05 for appointment of appraisers and certifying reports the only fees collectable in condemnation actions?
Should the court collect the fees provided in both Sections 33-123 and 33-126.05?
Should the Retirement Fund for Judges Fee provided by Section 24-703 be collected in condemnation actions?
No.
Yes, and also those fees under Section 24-703 in District Court.
Only Section 33-126.05.
Yes, in District Court only.
Section 33-123 R.S.Supp. 1978, states:
 "The county court shall be entitled to the following fees in civil matters: For any and all services rendered up to and including the judgment or dismissal of the action, ten dollars; for all orders, after judgment, including writs of execution, restitution, garnishment, examination in aid of execution, and taking and approving any recognizance or bond, one dollar each."
We note that the section contemplates an action having been filed in county court, even though the term civil matter is used. It is recognized by the cases in Nebraska that the power conferred upon the county judge by the Eminent Domain Act and the duties required of him are not judicial powers, but are duties which are purely administrative. (Winer v. State, 179 Neb. 297, 137 N.W.2d 852). The proceeding, as filed, is a proceeding before the county judge and is not an `action' filed in county court. The case ofMatthies v. Fremont E. M. V. R. Co., 53 Neb. 681,74 N.W. 30, states the proceeding for condemning a right of way is tribunal, and further states:
 ". . . not to try a civil action pending between the landowner and the railway company, not to pronounce a judgment, but simply to assess damages which the landowner will sustain by reason on the appropriation of his land for the railroad's right of way."
In Lane v. Burt County Rural Public Power District,163 Neb. 1, 72 N.W.2d 773:
 "Condemnation proceedings become a judicial proceeding only when appealed to the District Court. . ."
Therefore, it must be concluded that Section 33-123
R.S. Supp. 1978, makes reference to fees in county court and actions filed in county court. The ten dollar fee as contemplated is for all services rendered up to and including the judgment or dismissal of the `action' in the county court. This section does not include those matters filed before the county judge.
The county court is entitled to a fee under Section33-126.05, wherein the legislature has stated that the county court shall be allowed the following miscellaneous fees:
 ". . . appointment of appraisers in condemnation proceedings, five dollars, plus one dollar for each additional parcel of land included in the petition where more than one; certifying report of appraisers to county clerk or register of deeds, and making transcript of same to the district court, one dollar per page."
With regard to the question of the Judge's Retirement Fund Fee, set forth in Section 24-703 R.R.S. 1943, subparagraph 3 of said Section provides that a dollar fee shall be taxed as costs in each criminal or civil `action' or proceedings filed in district court and in county court. This is a `matter' filed before the county judge and is not an `action' filed in county court. Therefore, the one dollar fee is not to be collected in county court. The fee, however, is properly taxed in district court as the condemnation matter becomes an action on appeal.