IN RE APPLICATION OF THE CITY OF SIDNEY ET AL. CONSUMERS PUBLIC POWER DISTRICT, PETITIONER, v. CITY OF SIDNEY, RESPONDENT.

12 N. W. 2d 104

FILED DECEMBER 3, 1943. No. 31684.

*Clarence A. Davis* and *William W. Redmond,* for petitioner.

*P. J. Heaton* and *L. J. TePoel,* for respondent.

*Harold C. Linahan, W. W. Wenstrand, G. H. Seig, Edward Sklenicka, Louis T. Carnazzo, H. A. Prince, James C. Kinsler, H. L. Blackledge, Kenneth H. Dryden, Max Kier* and *A. A. Whitworth, amici curiæ.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

The petitioner, Consumers Public Power District, prays for an order vacating the appointment of the court of condemnation appointed by this court to appraise the value of the electric light and power system of the petitioner in and near the city of Sidney, Nebraska, pursuant to the provisions of sections 19-701 to 19-707, Comp. St. 1929.

The record shows that there was filed in this court on March 12, 1942, a certificate as required by section 19-702, Comp. St. 1929, and a request for the appointment of three district judges to constitute a court of condemnation for the ascertainment of the value of the electric light and power system of the petitioner at Sidney. On April 4, 1942, this court entered its order appointing three district judges as a court of condemnation pursuant to the provisions of the aforesaid statute.

Petitioner prays for the vacation of the order of appointment for the following reasons: First, the ordinance of the city and the election held pursuant thereto are void in their entirety in that the proceeding is directed against the property of the Western Public Service Company when the condemnor well knew that said property had been sold and transferred to the Consumers Public Power District prior to the submission of the pertinent question to the electors of the city of Sidney. Second, that the title to said property was in dispute and undeterminable, and the method of taking and the nature of the property permitted to be taken being dependent upon the character of the ownership, a determination of ownership is a condition precedent to a valid condemnation. Third, that the ordinance enacted and the notice of election and ballot by which the proposition was submitted at the election are insufficient in form and substance in that they are ambiguous and uncertain, and wholly fail to show the specific part of petitioner's property sought to be condemned.

The city of Sidney in its answer contends that the supreme court does not have jurisdiction of the present proceeding in that it is not appellate in character or one of the actions listed in the Constitution as being within the original jurisdiction of that court. It is also contended that the proceeding before us is not incidental to the appointment of the members of the court of condemnation as provided by the applicable statute. The city denies any insufficiency of the city ordinance and ballot submitted to the electors of the city and prays for the dissolution of the injunction

granted. It is upon these issues that the decision must turn.

The record in the proceeding before us shows that an ordinance was passed and an election held upon the question whether the city of Sidney should acquire by eminent domain proceedings the entire electric light, steam and power plants, including both generating and distribution systems of the Western Public Service Company located and operated partly within and partly without the city of Sidney, all of which purports to be specifically described in the ordinance enacted and the ballot used. The record further shows that the electors voted in the affirmative by the required majority to carry the proposition submitted. These facts were communicated to the supreme court in the form of a certificate, regular on its face, together with a request for the appointment of three district judges to constitute a court of condemnation in accordance with section 19-702, Comp. St. 1929. In considering the powers of the supreme court with relation to an application to vacate the order appointing the members of the court of condemnation, the nature of the authority exercised in making the appointment in the first instance becomes of primary importance.

The power of the supreme court to appoint the members of the court of condemnation arises by virtue of section 19-702, Comp. St. 1929, which provides in part as follows: " * * * the city council or officer possessing the power and duty to ascertain and declare the result of such election shall certify such result immediately to the supreme court of the state and the supreme court shall within thirty days after the receipt of such certificate, appoint three district judges from three of the judicial districts of the state, and said three judges shall constitute a court of condemnation for the ascertainment, and finding of the value of any such plant, works, or system * * * ."

It will be noted that the appointment of the members of the court of condemnation is required by the statute upon the filing of a certificate indicating an affirmative vote on the condemnation proposal. It does not arise incidentally to any case pending in the supreme court, either on appeal

or by original action. We have heretofore held that the proceedings of the court of condemnation are judicial in their nature, although it is not a court in the constitutional sense. *Updike v. City of Omaha,* 102 Neb. 782, 169 N. W. 725. In *State v. Neble,* 82 Neb. 267, 117 N. W. 723, we said: " * * * many executive or administrative acts performed by judicial officers, and many judicial acts performed by ministerial officers, are and must be held valid. * * * The appointment of an officer might properly, we think, be classed as the exercise of an executive or administrative function, at least not judicial. Yet courts and judges frequently find it necessary to make such appointments in order that the judicial functions of the courts may be freely exercised. It often happens that courts or judges are clothed with this appointing power where the appointee may not be required to discharge any duty which could be in any way ancillary to the exercise of the judicial functions of the court or judge making the appointment, and yet the validity of the appointment could not be successfully questioned, for the reason that the person appointed would exercise judicial functions in the discharge of the duties imposed under the appointment." And in the *Updike* case the court concluded its discussion of this point in the following language: "We find no difficulty in holding, therefore, that no new court was created by the act in violation of article VI of the Constitution, and that the vesting of the power in this court, or in the chief justice, to appoint the members of the board of appraisers does not violate the constitutional requirements (article II) that the executive, legislative and judicial departments of the government be kept separate, 'and no person or collection of persons being one of those departments, shall exercise any powers properly belonging to either of the others, except as hereafter expressly directed or permitted.' " These holdings were adhered to in *City of Mitchell v. Western Public Service Co.,* 124 Neb. 248, 246 N. W. 484.

We conclude therefore that the supreme court had authority under the quoted provisions of the statute, upon the

filing of the certificate therein required as a condition precedent to such appointment, to appoint the court of condemnation as it did as shown by the record.

The question then posed is whether the supreme court, after making the appointment in accordance with the statute, may vacate its order of appointment because of irregularities in the condemnation procedure, assuming for the purposes of this discussion that irregularities do exist. We do not think that such action has any relation to the appointment of the members of the court of condemnation. We think the situation is similar to that discussed in *Mattheis v. Fremont, E. & M. V. R. Co.*, 53 Neb. 681, 74 N. W. 30, wherein this court in substance said with reference to a proceeding for condemning real estate for a right of way for a railway company: The selection of six freeholders by the county judge as required by the applicable statute did not constitute the proceeding a matter instituted and pending in the county court. The power conferred by the act upon the county judge and the duty required of him by that act are not judicial powers or duties, but purely ministerial acts.

We necessarily conclude that the condemnation proceeding in the case at bar was not instituted in the supreme court and that the proceeding is not now, nor has it been in the past, a pending action in this court.

But it is urged that the right to pass upon the irregularity of the proceeding is incidental to the appointive power. We think this contention is without merit. This same theory was advanced in *Mattheis v. Fremont, E. & M. V. R. Co., supra,* wherein it was said: "A second theory upon which counsel for plaintiff in error seeks to maintain this action is that the county court is invested with equitable jurisdiction, and that this action is brought to that court, invoking its equity powers to set aside the condemnation proceeding because procured by fraud; but this theory, like the other, assumes that the condemnation proceeding occurred in the county court. It may be conceded that the county court, as a court of record, is invested with equitable

powers and jurisdiction in any case before it when by the Constitution or the laws of the state that court is invested with jurisdiction of the subject matter out of which the case or proceeding in hand grows. But neither the Constitution, nor any statute of this state, invests the county courts with general equitable jurisdiction; and if this condemnation proceeding was procured by fraud practiced upon the county judge and the appraisers, the county court is not invested with any equitable jurisdiction to vacate it. If in a suit brought before the county judge sitting as a justice of the peace one party by fraud should obtain a judgment, it certainly·would not be contended that the county court was possessed with equitable jurisdiction to set that judgment aside. The county court, then, had no jurisdiction or authority to grant the relief prayed for in this action, viewing it as purely an equitable action invoking the equity powers of the county court."

The logic of the foregoing case is particularly applicable here. The condemnation proceeding was not instituted in or pending in the supreme court. Neither the Constitution, nor any statute of this state, consistent therewith, invests the supreme court with general equitable powers in matters of this kind. The relief prayed for does not bring the action within the original jurisdiction of the supreme court as defined in the Constitution, and it is superfluous to say that it is not within the appellate jurisdiction of the court. The appointment of the members of the court of condemnation being a ministerial act, it cannot have the effect of enlarging the jurisdiction of the court, even though the tendered issues may appear to have some relation thereto.

It is not necessary for us to decide whether the supreme court could pass upon the validity of its appointment of a court of condemnation under an unconstitutional statute. We merely point out that this court did pass upon constitutional questions on applications to vacate similar appointments in the cases of *Updike v. City of Omaha, supra,* and *City of Mitchell v. Western Public Service Co., supra.*

Much of the briefs of the parties, as well as those pre-

pared and filed by *amici curiæ*, are devoted to the contention that sections 19-701 to 19-707, Comp. St. 1929, are unconstitutional in that due process of law is not afforded the owners of the property purported to be condemned under the power of eminent domain. We are unable to pass upon this question for the reason that it is not relied upon in the petition before us. We have many times held that this court will not anticipate a question of constitutional law in advance of the necessity of deciding it and will not formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. *First Trust Co. v. Smith,* 134 Neb. 84, 277 N. W. 762; *Howarth v. Becker,* 131 Neb. 233, 267 N. W. 444. The question of constitutionality not being an issue under the pleadings filed, this court may not properly pass upon it.

We conclude, therefore, that the appointment of the members of the court of condemnation in the instant case was in accordance with section 19-702, Comp. St. 1929; that the issue raised by the petition of the Consumers Public Power District is not within the original jurisdiction of this court or of its appellate jurisdiction as they are defined in the Constitution; that the appointment of the members of the court of condemnation by the supreme court as provided by section 19-702, Comp. St. 1929, is a ministerial act only and does not lodge the condemnation proceeding in the supreme court or amount to such an institution of a proceeding as to give this court any jurisdiction to pass upon the question posed by the petition. The petition of the Consumers Public Power District will therefore be dismissed and the injunctive order heretofore issued is hereby dissolved.

DISMISSED.