BEVERLY J. HALE, APPELLANT, v. HAROLD TAYLOR, APPELLEE.

220 N. W. 2d 378

Filed July 18, 1974. No. 39139.

Richard D. Myers of Matthews, Kelley, Cannon & Carpenter, for appellant.

Wayne J. Mark of Fraser, Stryker, Veach, Vaughn & Muesey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and ZEILINGER, District Judge.

ZEILINGER, District Judge.

Plaintiff brought suit for personal injuries allegedly sustained as a result of defendant's negligent operation of a motor vehicle. Defendant moved for a summary judgment contending that plaintiff was a guest passenger within the meaning of section 39-740, R. R. S. 1943, and that, therefore, defendant was entitled to judgment as a matter of law. The District Court held that as a matter of law plaintiff was a guest passenger and could not recover against defendant for defendant's simple negligence because of the motor vehicle guest statute, section 39-740, R. R. S. 1943. The District Court found there were no issues of fact for determination by trial and granted defendant's motion for summary judgment. Plaintiff filed a motion for a new trial contending that the decision and judgment were contrary to the evidence and contrary to law and including for the first time in

the case the contention that section 39-740, R. R. S. 1943, violates the Constitutions of the United States and the State of Nebraska. Plaintiff appeals from the overruling of her motion for new trial. Plaintiff contends that the District Court erred in finding that there were no material issues of fact to be determined; in finding that plaintiff was, as a matter of law, a guest passenger; in determining that section 39-740, R. R. S. 1943, was applicable to the facts before the court; and in failing to hold section 39-740, R. R. S. 1943, to be unconstitutional. In her amended petition plaintiff did not allege that the negligence of defendant was gross.

The undisputed evidence consists of plaintiff's deposition testimony which is in substance as follows:

On November 1, 1970, the plaintiff, Beverly J. Hale, was injured in Omaha, Douglas County, Nebraska, when she was struck by a vehicle being operated by defendant, Harold Taylor. Plaintiff was the natural daughter of defendant's wife. Plaintiff, defendant, and defendant's wife had made plans to dine together on the evening of November 1, 1970. Defendant and defendant's wife drove to plaintiff's home at 1138 South 30th Avenue in Omaha, Nebraska, for the purpose of picking up and transporting plaintiff to dinner. Defendant at that time was operating a motor vehicle owned by him. Defendant drove his automobile into plaintiff's driveway, parked his vehicle, and honked the horn. Plaintiff heard the horn honking and walked out of her residence. Plaintiff observed defendant behind the steering wheel of the vehicle and defendant's wife seated to the right of the defendant in the front seat. Plaintiff went to the right rear of defendant's vehicle, which was a four-door vehicle, and plaintiff saw that the right rear seat was occupied by tools and equipment. Plaintiff walked around behind the vehicle to the left rear door. Plaintiff opened the left rear door of defendant's vehicle to some degree and while her feet were both on the ground defendant's ve-

hicle was backed up in a sudden and jerking motion, knocking plaintiff to the ground, and resulting in injuries to plaintiff.

Plaintiff attempted to raise the constitutionality of the guest statute by an amendment to her motion for new trial. No allegation of unconstitutionality appears in the amended petition. Defendant definitely relied on the guest statute in his answer. Plaintiff's reply simply denies that plaintiff was a guest passenger and does not allege unconstitutionality of the statute. No issue of unconstitutionality was before the District Court when the motion for summary judgment was presented and determined. Section 25-1142, R. R. S. 1943, provides for motions for new trial and its first sentence reads: "A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or decision by the court." Plaintiff's motion for new trial asked the District Court to determine a new issue rather than to reexamine an issue previously decided. A new issue is not a ground for the granting of a motion for new trial. § 25-1142, R. R. S. 1943. In Metropolitan Utilities Dist. v. Merritt Beach Co., 179 Neb. 783, 140 N. W. 2d 626, the court said: "It is a general rule that the constitutionality of a legislative act must be raised at the earliest opportunity consistent with good pleading and orderly procedure, or it will be considered as waived." In Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119, the court quoted with approval from Yakus v. United States, 321 U. S. 414, 64 S. Ct. 660, 88 L. Ed. 834, as follows: "No procedural principal is more familiar to this court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." In Consumers Public Power Dist. v. City of Sidney, 144 Neb. 6, 12 N. W. 2d 104, the court said: "The question of constitutionality not being an issue under the pleadings filed, this court may

not properly pass upon it." In Rhodes v. Continental Ins. Co., 180 Neb. 794, 146 N. W. 2d 66, appellant contended that he had raised the issue of the constitutionality of a statute in his oral argument on a demurrer although it was not reflected in the pleadings or the record. The court refused to consider the constitutional question, stating: "This is a court of review. The rule that the unconstitutionality of a statute cannot be raised for the first time in this court requires that the issue be apparent from the pleadings or be evident from the record made in the trial court. If the plaintiff wished to inject the unconstitutionality of section 44-501, R. R. S. 1943, the proper procedure would have been to have amended his petition after the demurrers were sustained." In the instant case plaintiff did not ask leave to amend. The question of the unconstitutionality of the guest statute is not properly before us on the record in this case. In addition there has been no compliance with Rule 18 of the 1971 Revised Rules of this court requiring that a party presenting a case involving the constitutionality of a statute must file a written notice thereof with the Clerk of this court at the time of filing his brief and serve a copy of the brief on the Attorney General within 5 days of the filing of the brief with this court.

Section 25-1332, R. R. S. 1943, provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Plaintiff submits that there is an issue of fact as to whether plaintiff was riding in the vehicle at the time of the injury, and that, therefore, summary judgment should not have been granted to defendant. In Sunderman v. Wardlaw, 170 Neb. 70, 101 N. W. 2d 848, one question presented was whether plaintiff was a passenger or a guest. The trial court ruled as a matter of law that plaintiff was a guest

and submitted the case to the jury accordingly. Plaintiff appealed from an adverse verdict contending that her status was a question of fact for the jury. In discussing this question this court quoted from Van Auker v. Steckley's Hybrid Seed Corn Co., 143 Neb. 24, 8 N. W. 2d 451, as follows: " 'If the evidence is undisputed, or such that minds of men could not reasonably arrive at any other conclusion, the question is one for decision by the court as a matter of law; otherwise, it is a question for the jury to decide as other issuable facts in the case.' " Then the court stated: "Here the evidence on this material issue is not in dispute and clearly presents an issue for decision by the court as a matter of law."

In the instant case the evidence was not disputed and there was no genuine issue of material fact to be resolved. A proper case for summary judgment was presented.

Plaintiff contends that the guest statute has no application to the facts in this case because this accident occurred on private property and the guest statute is a regulation governing the use of public roads. The guest statute does not limit itself to public roads. It does not make any mention of where the damages it covers must occur. The statute is concerned only with relationship, not physical location of an occurrence. Section 49-802 (8), R. R. S. 1943, provides that title heads, chapter heads, section and subsection heads or titles, and explanatory notes and cross-references, in the statutes, supplied in compilation, do not constitute any part of the law. Regarding the applicability of guest statutes where the motor vehicle accident occurs on private property the annotation at 64 A. L. R. 2d 694, states: "The question has ordinarily been treated purely as one of statutory construction, and in most of the few cases which have discussed the matter, the courts, finding nothing in the statute to indicate any intention to restrict its operation to the public highways, have held that it applied." The

guest statute is applicable to the operation of a motor vehicle upon private property.

Plaintiff contends that the guest statute does not apply to the facts in this case because she was merely attempting to enter the motor vehicle at the time of the accident and had not yet become a guest. Section 39-740, R. R. S. 1943, reads in part as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the . . . gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, . . . ."

In its opinion in Van Auker v. Steckley's Hybrid Seed Corn Co., *supra,* this court in construing the predecessor of section 39-740, R. R. S. 1943, stated: "In construing a statute, it is the duty of this court to discover, if possible, the legislative intent from the language of the act and give effect thereto. Hansen v. Dakota County, 135 Neb. 582, 283 N. W. 217."

In 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 471, p. 36, the rationale and proper construction of guest statutes is stated to be as follows: "These statutes are designed to relieve the owners or operators of motor vehicles who without any benefit to themselves transport another from the consequences of ordinary negligence causing injury to such a person. Another purpose is to prevent fraud and collusion between gratuitous guests and the owners or operators of motor vehicles resulting in unjust charges to automobile liability insurers for injury to, or death of, a guest.

"Guest statutes should be construed to effectuate their purpose, but, being in derogation of the common law and the rights of those who may be injured by the negligent operation of a motor vehicle while being transported

therein, their general provisions must be strictly construed. They should not be extended by construction beyond the correction of the evils and attainment of the objects sought by them, although they should not be so restricted as to defeat or impair those objects."

The courts are about equally divided on the question whether the guest-host relationship has commenced with regard to a person attempting to enter a motor vehicle. In Tallios v. Tallios, 350 Ill. App. 299, 112 N. E. 2d 723, the Illinois court held that the guest-host relationship had commenced and stated: "A narrow or literal interpretation of the words 'person riding in a motor vehicle as a guest, without payment for such ride,' limiting the effect of the statute to accidents occurring when a guest is seated in an automobile in motion, would defeat, or at least impair, the purpose of the legislation. To give full effect to the legislative intent a generous owner or operator must be protected at all times that the relation of host and guest exists in connection with the free ride. The beginning and end of that relation is not unlike the beginning and end of the relation of carrier and passenger for hire in a public conveyance. In the latter case the relation begins with the attempt of the passenger to enter the conveyance and ends when he has alighted in safety on completion of the journey. . . . So, the relation of host and guest between automobile owner or driver and a passenger riding without payment of compensation begins when the guest attempts to enter the automobile, and ends only when he has safely alighted at the end of the ride."

In Kaplan v. Taub (Fla. App.), 104 So. 2d 882, the court said: ". . . the real test . . . is to determine whether a gratuitous undertaking of the automobile operator had begun when the injury occurred. Illustrative of the application of the test and factually in point is the case of Head v. Morton, 1939, 302 Mass. 273, 19 N. E. 2d 22, 25. . . . The appellant had her hand on the door of appellee's

automobile as an act preparatory to entering the vehicle. The appellee was at the steering wheel of his vehicle awaiting the appellant's entry therein and that his act of releasing the brake and starting the automobile was in furtherance of his prior gratuitous undertaking."

In Head v. Morton, 302 Mass. 273, 19 N. E. 2d 22, the court said: " '. . . it must be clear that the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or outside of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant has assumed.' . . . The real test is to determine whether a gratuitous undertaking of the defendant had begun when the plaintiff was injured." See, also, Dunakin v. Thomas, 141 F. Supp. 377, under a New Mexico statute, and Rainsbarger v. Shepard, 254 Iowa 486, 118 N. W. 2d 41, 1 A. L. R. 3d 1074. The cases in which contrary conclusions were reached include Smith v. Pope, 53 Cal. App. 2d 43, 127 P. 2d 292; Clinger v. Duncan, 166 Ohio St. 216, 141 N. E. 2d 156; and Chapman v. Parker, 203 Kan. 440, 454 P. 2d 506, in which the courts found that under strict construction of their statutes the plaintiffs were not physically "in" or "being transported in" the vehicles.

It seems to us that a proper construction of our statute requires us to hold that even though the guest was not yet physically in the host's motor vehicle, if the acts immediately preceding or occurring at the time of the injury were incidental to the transportation, the guest statute applies and that entering a vehicle in preparation for transportation is incidental to the actual transportation. The District Court's ruling that plaintiff was a guest within the meaning of the guest statute at the time of her in-

jury was correct and the judgment should be affirmed.

AFFIRMED.

McCown, J., dissenting.

I agree that the issue of the constitutionality of the guest statute was not raised in time and is not directly at issue in this case. Nevertheless, cases declaring similar guest statutes unconstitutional such as Brown v. Merlo, 8 Cal. 3d 855, 106 Cal. Rptr. 388, 506 P. 2d 212 (1973), and Henry v. Bauder (Kan., 1974), 518 P. 2d 362, make it clear that the underpinnings which formerly supported the philosophy of guest statutes have been factually and legally eroded. Experience with modern concepts of liability and fault ought to dictate strict limitation of the statute to the narrowest terms possible, rather than the broad and inclusive interpretation adopted by the majority opinion.

Where no-fault insurance laws are being adopted in many states and are being considered in this state, the Legislature's attention should be drawn also to a reconsideration of the guest statute. The guest statute in Nebraska was enacted in 1931. Guest statutes have been adopted in slightly more than half the states, but more significantly, no state has enacted a guest statute since 1939. Several states have repealed guest statutes, most recently Florida in 1972.

The guest statute in Nebraska is contained in Chapter 39, article 7, Regulations Governing the Use of Public Roads. The accident here occurred on a private driveway and certainly in the absence of a specific reference, rules of the road are not applicable to private roads and driveways. In addition, the plaintiff had not yet entered the automobile and should not be treated as a passenger or rider in the vehicle simply because she had previously agreed to accept a ride, and was intending to become a passenger. The Nebraska statute, by its terms, applies only to "any *passenger* or person *riding in* such motor

vehicle as a guest." It ought not to be extended by implication.