## BELLSOUTH TELECOMMUNICATIONS, INC., Plaintiff,

v.

## VARTEC TELECOM, INC., etc., Defendant.

### No. 4:01cv480–RH.

United States District Court, N.D. Florida, Tallahassee Division.

Feb. 14, 2002.

Jerome Wayne Hoffman, Jere Lee Earlywine, Holland & Knight LLP, Tallahassee, FL, for plaintiff.

Stephen A. Ecenia, Martin Patrick McDonnell, Rutledge Ecenia Underwood, Tallahassee, FL, James H. Lister, James U. Troup, McGuire Woods, LLP, Washington, DC, for defendant.

## ORDER OF REMAND

HINKLE, District Judge.

This is a dispute between two telecommunications carriers concerning the amount due from one to the other for terminating access charges. The proceeding was initiated by a complaint filed with the Florida Public Service Commission. It was removed to this court based on the assertion that a proceeding of this nature filed with the Commission is in substance a "civil action brought in a State court," within the meaning of the federal removal statute, 28 U.S.C. § 1441. I conclude that the Florida Public Service Commission is an administrative agency, and not a court, both generally and when addressing matters of this type, and that removal therefore was improper. I grant the pending motion for remand.

### Background

BellSouth Telecommunications, Inc., is a local exchange carrier. Vartec Telecom, Inc., is an interexchange carrier. When Vartec carries an interexchange call, the call is terminated over the facilities of a local exchange carrier (in the instances at issue, BellSouth's). Vartec compensates the local carrier by means of a "terminating access charge" set forth in a federal tariff (for interstate calls) or state tariff (for intrastate calls). In Florida, BellSouth's intrastate terminating access charge is higher than the applicable interstate rate.

BellSouth asserts that Vartec has underpaid terminating access charges for the period 1994–2000 by incorrectly reporting its proportions of interstate and intrastate calls. BellSouth asserts it knows this because it now has the capacity to track terminated Vartec calls as intrastate or interstate; BellSouth did not have that capacity at the relevant times but instead relied on Vartec's self-reporting.

BellSouth filed a complaint with the Florida Public Service Commission seeking monetary relief for past underpayments. The complaint does not seek prospective relief. Vartec removed the proceeding to this court, invoking the court's removal jurisdiction under 28 U.S.C. § 1441, and asserting both diversity of citizenship and federal question jurisdiction. BellSouth has moved to remand.

### Analysis

It is undisputed that BellSouth is a citizen of Georgia, Vartec is a citizen of Texas, and the amount in controversy exceeds $75,000. Had BellSouth sought resolution of this same dispute by filing a civil action in a Florida circuit court, removal to this court clearly would have been proper. But the proceeding was not filed in a Florida circuit court; it was instead filed in an administrative agency, the Florida Public Service Commission.

The issue of removal of an administrative proceeding is one of first impression in this circuit. The decisions from other circuits are split, apparently reflecting differences in the types of proceedings and administrative agencies at issue, rather than in the courts' approach to removal. *Compare Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F.3d 1259 (3d Cir.1994) (disallowing removal from Pennsylvania Board of

Vehicles of complaint challenging franchise termination under state law), *and Walthill v. Iowa Electric Light & Power Co.,* 228 F.2d 647, 653 (8th Cir.1956) (disallowing removal of condemnation proceeding before tribunal that was "in reality just another board of appraisers"), *with Floeter v. C.W. Transport, Inc.,* 597 F.2d 1100 (7th Cir.1979) (allowing removal from Wisconsin Employment Relations Commission of labor complaint that was governed exclusively by federal law), *and Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board,* 454 F.2d 38 (1st Cir. 1972) (allowing removal from Puerto Rico Labor Relations Board of labor complaint governed exclusively by federal law). Of these decisions, *Sun Buick* is the closest to the case at bar; I follow its reasoning and result, with the following additional analysis.[1]

The sole basis for removal jurisdiction invoked by Vartec (or at issue in the cases cited above) is 28 U.S.C. § 1441, which provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, *any civil action* brought in a *State court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The issue is whether the proceeding Bell-South initiated in the Florida Public Service Commission was a "civil action" brought in a "State court" within the meaning of the statute.

Vartec asserts, and the Seventh and First Circuits held in the *Floeter* and *Volkswagen* decisions cited above, that this determination turns on matters of substance, not form or nomenclature. For purposes of this order, I assume this is correct. Thus I assume, as Vartec asserts, that a state tribunal that functions as a court is a "State court," even if in state usage it is called something else. A rose by any other name.

The difficulty with Vartec's attempted removal, however, is that the Florida Public Service Commission is not in substance a court. To the contrary, the Florida Public Service Commission is a quintessential administrative agency, functioning in that capacity day in and day out, making policy decisions, setting rates, implementing regulatory statutes, and otherwise doing the kinds of things that administrative agencies typically do. The Florida Public Service Commission exists precisely because there are issues (including those dealing with such things as terminating access charges) that may appropriately be addressed by an administrative agency with special expertise and regulatory authority, rather than by a court.

Vartec does not seem to deny this, nor could it. Vartec asserts, however, that the focus should not be on the Public Service Commission's usual or dominant functions in the many matters it addresses, but instead solely on how it would function in resolving the specific dispute at issue in the case at bar. I disagree for two reasons, one based on the language of the statute and the other based on the practical requirements for removal jurisprudence.

First, § 1441 imposes two separate requirements: that the proceeding at issue be a "civil action," and that the tribunal at issue be a "State court." The nature of a specific dispute bears on the question of

---

1. *Floeter* and *Volkswagen* arose in a specific context—federal labor law—in which the federal interest is paramount; indeed, as a matter of substantive law, Congress has preempted the field. Those decisions cast little light on the issue in the case at bar and suggest not at all that those courts would approve removal here.

whether a proceeding is a "civil action" but ordinarily does not alter the status of the tribunal. A reading of § 1441 that allowed removal of every proceeding of an adjudicatory nature—that is, every "civil action"—without imposing a separate requirement that the tribunal also be a "State court" would render the statute's reference to a "State court" wholly superfluous, contrary to the usual rules of statutory construction. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1267 (3d Cir.1994) (holding removal improper even if state tribunal "was acting in an adjudicatory manner rather than in an administrative one"; assertion that acting in adjudicatory manner is sufficient to allow removal "inappropriately conflates two requirements of removal statute," that there be both a "civil action" and that it be "brought in a State court").

Second, there are substantial practical reasons why the state tribunal's status should be determined at a higher level of generality than its role in the specific proceeding at issue. To the extent possible, removability should be governed by clear rules, so that improper removals (with their attendant delay and interference in state proceedings) may be minimized. An approach that made removability turn on a federal court's after-the-fact, case-by-case analysis of whether an administrative agency would be acting in the same manner as a court in resolving a particular dispute would have the capacity to create substantial mischief in the administrative arena, by encouraging parties to take a shot at removal, with inevitable delays and

disruptions. Given the number and variety of administrative proceedings that take place in this state on a daily basis—many involving out-of-state respondents—this is a matter of no small moment.[2]

I thus conclude that the issue is not just how the Florida Public Service Commission would act in resolving this particular dispute, but rather how it functions generally. Day in and day out, the Commission functions as an administrative agency, not as a court.

This analysis does not mean that, for purposes of § 1441, every entity necessarily has only a single status—for example, as an administrative agency or court—once and for all. To the contrary, a state could create an entity with dual capacities, as a regulator and also as a court. But the Florida Public Service Commission is not such a dual entity; it is, instead, a single entity with a single regulatory raison d'etre. It happens that, in fulfilling its regulatory function, the Commission sometimes resolves disputes between carriers, but when it does so, it functions as, and remains for purposes of § 1441, an administrative agency, not a court.

Indeed, the Florida Legislature has given the Florida Public Service Commission authority to resolve disputes between carriers, *see* Fla. Stat. § 364.07 (2001), not in an effort to bypass, but instead precisely because of, its regulatory expertise. By creating a remedy for inter-carrier disputes before the Commission, the Legislature did not simply afford jurisdiction over such disputes in a different court; instead, it afforded a remedy in a different type of

**2.** Many such proceedings involve a governmental entity, not merely private parties. The State of Florida is not a citizen of any state for diversity purposes; administrative proceedings initiated by the state and not arising under federal law would create no issue of removability. But cities and many other governmental entities *are* citizens of the state for diversity purposes. If the proceed-

ing at issue here were held removable based on a case-specific analysis of the nature of the function the agency would perform to resolve the matter, then the number of other administrative proceedings that also would be rendered removable—or at least would create an arguable issue sufficient to allow removal and require a case-specific determination of a motion to remand—would be significant.

forum altogether. In such a proceeding, the competence brought to bear will not be that of a court, but of a regulator. When BellSouth opted to bring its claim against Vartec to the Commission, it elected an administrative remedy before a regulatory body, not a civil action in a court.[3]

It is true, as Vartec notes and BellSouth concedes, that procedures before the Commission are in some respects similar to those available in courts. Thus the parties may take discovery and present and cross-examine witnesses. But in many respects, the applicable procedures also are different, most notably with respect to the expertise of the decision makers. The commissioners are not trained as judges and need not even be attorneys; they are, instead, experts in the field of telecommunications (and public utilities) and the proper regulation thereof. The Florida Legislature chose to provide a methodology for resolution of inter-carrier disputes before decision makers with that expertise. It would be a bold and bizarre reading of the removal statute that attributed to Congress an intent to foreclose a state from implementing such an administrative remedy whenever federal jurisdiction would exist over a civil action raising the same claim in court.

There are other differences between court procedures and the procedures in effect at the Public Service Commission as well. Courts enter enforceable judgments; the Public Service Commission, in contrast, ordinarily must go to court to enforce its orders. *See, e.g.,* § 364.015, Fla.

Stat. (2001). At least in some proceedings, direct testimony is presented before the Commission in writing, not live, with only a summary presented orally. Hearsay evidence ordinarily is admissible, although generally it cannot alone sustain a finding. *See* § 120.57(c), Fla. Stat. (2001); Fla. Admin. Code r.28–106.213(3) (2001). Other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs also may be admissible, whether or not such evidence would be admissible in court. § 120.569(2)(g), Fla. Stat. (2001). And at least in some proceedings, the Commission staff has a role having no counterpart in a court.

That Florida Public Service Commission procedures resemble court procedures in some respects but not others merely illustrates that administrative proceedings generally are the same in some respects, and different in others, from court proceedings. But only court proceedings are removable.

Finally, Vartec also apparently asserts that this dispute could not properly have been resolved in the Florida Public Service Commission at all, because "there is no statute that authorizes the FPSC to hear actions to collect charges from a customer, which are normally filed in court." (Vartec's Response in Opposition to BellSouth's Motion To Remand, document 23, at 11.) BellSouth disagrees, citing § 364.07, Fla. Stat. (2001), which explicitly gives the Florida Public Service Commission jurisdiction to resolve at least some disputes between carriers.[4] I need not resolve this

**3.** BellSouth's invocation of the administrative remedy may or may not create other issues: whether under Florida law the administrative remedy is available under these circumstances, whether the remedy is exclusive, whether Vartec can seek judicial relief, and if so, when and how. None of those are issues now before the court. The case now pending in this court is not an action seeking to enjoin the administrative proceeding, nor is it a sep-

arate action seeking declaratory or other relief in connection with the underlying dispute. All that is pending here is the administrative complaint as filed in the Public Service Commission and removed (albeit improperly) to this court.

**4.** Vartec's contention draws some support from the Eleventh Circuit's decision in *Bellsouth Telecommunications, Inc. v. MCImetro*

issue of the Commission's authority under Florida law, because even if Vartec were correct, this would not support removal. The remedy for a state administrative agency's improper exercise of state-law-created jurisdiction over state-law disputes is not removal to federal court.[5]

The bottom line is this. Under Florida law, this may or may not be a proceeding that properly can be adjudicated by the Florida Public Service Commission. This jurisdictional issue may be addressed in the Florida Public Service Commission and presumably will be susceptible to judicial review at an appropriate time in an appropriate court, by appeal or otherwise. But whatever jurisdiction and authority exist in the Florida Public Service Commission, they are administrative in nature. The Florida Public Service Commission is not a "court." Removal under § 1441 was improper. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259 (3d Cir.1994).

For these reasons,

IT IS ORDERED:

The motion of BellSouth Telecommunications, Inc. to remand (document 15) is GRANTED. This proceeding is remanded to the Florida Public Service Commission. The clerk shall take all action necessary to effect the remand.

SO ORDERED this 14th day of February, 2002.

---

*Access Transmission Svs., Inc.*, 278 F.3d 1223 (11th Cir.2002), which addressed the issue of the *Georgia* Public Service Commission's lack of authority under federal or *Georgia* state law to resolve a dispute between two carriers arising under an interconnection agreement. Georgia apparently has no counterpart to § 364.07, Fla. Stat. (2001).

**5.** *Cf. Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (holding that the Eleventh Amendment bars any claim for injunctive relief against a state or state entity based on state law).