MARY PUCKETT, Appellant, v. A. W. PAILTHORPE et al., Appellees.

FEBRUARY 5, 1929.

*E. A. Johnson,* for appellant.

*Grimm, Wheeler, Elliott & Shuttleworth,* for appellees.

KINDIG, J.—Only one question is presented in this case. It relates to a construction of Section 5026-b1 of the 1927 Code. That legislative enactment reads as follows:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

Material portions of appellant's petition include these words and figures:

"That, on or about July 20, 1927, defendants [appellees] * * * took their family to the Y. M. C. A. in Cedar Rapids, Iowa, for dinner; that, while at said Y. M. C. A., defendants [appellees] met the plaintiff [appellant] and her two small children, who were with her [appellant]. That defendants [appellees] then requested and invited the plaintiff [appellant] and her children to get into their automobile [an Oakland sedan], which was then standing by the curb in front of the said Y. M. C. A., and wait until after defendants [appellees] had finished their dinner, and then defendants [appellees] would take the plaintiff [appellant] and her said children to their home on Maplewood Drive, in said city of Cedar Rapids. That plaintiff [appellant] accepted the said invitation of defendants [appellees], and, complying with said request, went with one of the defendants' [appellees'] children, whom defendants [appellees] sent with her [appellant], to point out the right car, for the purpose of getting in the car and waiting for the defendants [appellees] to finish their said meal. That, as plaintiff [appellant] approached the said car for the purpose of getting into the same, and while she [appellant] was standing on the curb

for this purpose, and while attempting to open the door, in order that she [appellant] might enter the car, the said door fell from its place and position, fell upon and struck the left foot of the plaintiff [appellant], and crushed it between said door and the curb on which she [appellant] was standing.''

Appellant then in her pleading describes the nature and extent of the injury, which she alleges was severe and permanent, resulting in deformity. This concussion to her foot, appellant urges, caused her physical pain and mental suffering. Continuing her statement of the cause of action, appellant asserts:

''That said car was in a defective condition, and the said door thereon was loose, and not fastened to the car; that said door was a large, heavy one * * * . That plaintiff [appellant] had no knowledge or information that said car was defective, and that said door was loose and liable to fall from its position if she [appellant] attempted to open it, and the defendants [appellees] and each of them well knew that said door was loose, and would fall from the car if one did attempt to open it, and they [appellees] carelessly and negligently failed to advise plaintiff [appellant] of the loose, dangerous, and defective condition of said car and said door, and the fact that said door was liable to fall if an attempt were made to open it, although the defendants [appellees] both had full notice and knowledge of the loose condition of the door and the fact that it was liable to fall if any attempt were made by one to open it.''

Wherefore, appellant prayed for damages in the sum of $5,582.

To appellant's pleading containing those facts appellees demurred, on the following grounds: First, because it affirmatively appears that appellant was a passenger, or a person riding in the motor vehicle as a guest, by invitation, and not for hire; second, because appellant failed to allege in her petition that the injuries were sustained as a result of the driver's intoxication or recklessness; and third, because Section 5026-b1, supra, is a bar to appellant's recovery, under the facts and circumstances.

Upon the presentation of those issues to the trial court, it sustained the demurrer. Election was made by appellant to

stand upon the petition, and accordingly judgment was entered against her, in favor of the appellees. Such is the problem presented for solution.

I. Throughout their argument, appellees contend that appellant was a passenger at the time of her injury, and consequently she cannot recover, because she was not injured by the driver. In other words, they insist that the owner of the vehicle is in no event responsible for his own actions toward the passenger. Said passenger or person riding in the vehicle cannot recover for the owner's negligence, appellees argue, but redress, in all instances, under the statute, is limited to the recklessness of the driver. We do not find it necessary to determine that proposition, but confine our discussion to a decision of whether or not appellant was a passenger at the time of her injury.

Many definitions may be found for this relationship between the one conveyed and the conveyor. Facts always control in an individual case. When speaking generally upon the subject of common carriers, this court said, in *Weber v. Chicago, R. I. & P. R. Co.*, 175 Iowa 358 (pages 363, 364):

"It is not easy to state a general rule, nor to give a definition of the word 'passenger' which would embrace all the essential elements. As said in 2 Hutchinson on Carriers (3d Ed.), Sec. 997: 'The one usually accepted by the courts, when a definition has been attempted, is that a passenger is "one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as the payment of fare, or that which is accepted as equivalent therefor." This definition, however, like all others, is hardly comprehensive enough; for, as a general rule, every person not an employee, being carried with the express or implied consent of the carrier upon a public conveyance usually employed in the carriage of passengers, is presumed to be lawfully upon it as a passenger. There are two main elements in the legal definition of a passenger: First, an undertaking on the part of the person to travel in the conveyance provided by the carrier; and second, an acceptance by the carrier of the person as a passenger. Whether either or both of these elements exist, is ordinarily a question for the jury.' "

See, also, 1 Corpus Juris 440, Section 93; 5 Joyce on Insurance (2d Ed.), Section 2874; 3 Words & Phrases (2d Ser.)

906; *Fitzgibbon v. Chicago & N. W. R. Co.*, 108 Iowa 614. So, in the case at bar, it is difficult, if not impossible, to formulate a general definition that will suffice in all the contingencies, conditions, and circumstances that may arise between an owner or operator of an automobile and a guest, within the contemplation of Section 5026-b1, supra. There is involved here, not a common, but rather a gratuitous, carrier. A meaning for "passenger," within the purview of the law relating to common carriers, might not be exact when applied to the special legislation now under consideration. 30 Cyc. 800 describes a passenger in this way:

"A passer or passer-by; one who is making a passage; a traveller, especially by some established conveyance; a person conveyed on a journey; one who passes, is on his way; a traveller; a wayfarer."

Likewise, Webster's New International Dictionary suggests:

"A passer through or passer-by; wayfarer; traveler; * * * A traveler by some established conveyance, as a coach, steamboat, railroad train, etc."

Consequently, the legislature, in adopting the section above mentioned, must have had in mind the distinction between a passenger on a common carrier and one on another vehicle of transportation. Therefore, in determining the purpose of the lawmakers in describing the relationship as "passenger," it is imperative to consider the modifying words and phrases employed to express the exact thought in the premises. Plainly, a passenger, under this legislation, signifies one who is on a journey or trip, riding, without fare, in a motor vehicle operated by a driver. Elaboration will elucidate. One thing is certain, and that is, a journey is essential, whether the route be planned or unplanned, definite or indefinite. It may be long or short, extending a few feet only, or many miles. Manifestly, Section 5026-b1, supra, contemplates a person on such journey in a motor vehicle, driven or operated by someone. Moreover, the one who is called a "passenger" must be riding in the car. To place emphasis upon this interpretation, the legislature confined the passenger or person named in the section to one who is "riding in" a motor vehicle "as a guest or by invitation, and not for hire." Then, if such "guest or person" is not "riding," the

statute under consideration has no application. "Riding" modifies both passenger and person.

When did the statute intend one to be "riding?" More is required than merely entering the conveyance. Entrance must be made into an automobile then in the operation of a driver, so that a journey can be taken. There can be no trip without a driver. Thus a person in such motor car without a driver operating it is not a passenger, within the meaning of the section under consideration; for, in the absence of the necessary operator, there can be no journey, and consequently no riding. Without the driver, the journey, and the riding, there is no passenger, in the case at bar. If, then, under the provisions of the statute in question, there is no driver, there can be no passenger. That is the very underlying fundamental principle embodied within the section. Indication of this appears everywhere in the language thereof.

With these observations in mind, a conclusion must be reached that a driver was or was not operating appellees' automobile at the time in question. It appears from appellant's petition that no one was in charge, driving, or operating the vehicle when appellant was injured. "Driver" is not mentioned in that pleading. At the time appellant attempted to enter the conveyance, no one was in actual charge thereof, so far as her petition reveals. Hence, she was not a passenger, for the purposes of the legislation under consideration, because no driver was operating the machine. Her object in entering was not then and there to become a passenger during the interval that appellees were eating their dinner, but rather, it was her intention to sit in the car and wait until the driver came (whether appellees or someone else), in order that she could then be a passenger. The stop for dinner was not a part of appellant's journey. Had appellant ridden to the restaurant with appellees as their guest, on a journey which contemplated the stop for the noonday meal, and intended a return trip home again, during all of which time appellees were the drivers in charge of the automobile, then a different question would be presented. (Whether or not, in that event, appellant would have been a passenger in her attempt to get into appellees' car, we do not now decide.) But in the case at bar, the facts are different from those contained in the supposition; for appellant had not been on the journey before, and

the stop at the restaurant was no part of it. Until after that stop, no such operator had been present, so far as her journey was concerned. She in truth could not make a journey, nor could she ride, until the arrival of a driver. During that interim, appellant was not on a journey, nor was she riding in a vehicle driven or operated by a driver.

Wherefore, the facts pleaded do not bring the case within the statute above quoted, and the demurrer should not be sustained.

II. Further argument is made by appellant: First, that "reckless," as used in the statute, is equivalent to "negligent" and "careless;" and second, that the act is unconstitutional because denying the due process of law and the equal protection of the law. Neither doctrine is material, in view of the disposition made of the other question above discussed.

The judgment of the district court is reversed.—*Reversed.*

ALBERT, C. J., and STEVENS, FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.