ANNETTE A. ETHIER *vs.* GEORGE A. AUDETTE.

Hampden.    September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Guest, Gratuitous undertaking, Motor vehicle.

Evidence that, during a journey of the operator of an automobile and a
guest, they stopped by mutual consent for the guest to enter a restau-
rant to procure food to be eaten at her home, but the guest, instead of
completing the errand, returned to the automobile to urge the opera-
tor to accompany her, when, through simple negligence of the operator,
the automobile started and the guest was injured, did not warrant a
finding that the guest relationship had terminated, and a finding of
liability of the operator was not warranted.

TORT. Writ in the District Court of Springfield dated
August 4, 1939.

There was a finding by *Davis,* J., for the plaintiff in the
sum of $250.

The case was submitted on briefs.

*R. H. Tilton,* for the defendant.

*L. S. Bardach,* for the plaintiff.

Cox, J. This is an appeal by the defendant from the
order of the Appellate Division for the Western District
dismissing the report of the trial judge, who found for the
plaintiff. The action is one of tort for the alleged negli-
gence of the defendant in the operation of an automobile
in which the plaintiff had been riding. From the special
findings that were made by the judge, it appears that the
defendant gratuitously had undertaken to transport the
plaintiff to her home; that in the course of the journey
"the transportation was interrupted, it having been de-
cided between them that they could stop at a certain res-
taurant where the plaintiff could buy some sandwiches to
be taken out and eaten by them at her home; that pursu-
ant to this intention, the defendant stopped his automobile
at the curb in front of the restaurant"; that the plaintiff

alighted and walked toward the entrance, but before reaching it she returned to the side of the automobile, the door of which was open, placed one foot on the running board and stood with her other foot on the sidewalk, talking to the defendant and asking him to come into the restaurant with her; that while she was standing in this position, the motor of the automobile was running and the gear was in reverse; that the defendant's foot slipped from the clutch pedal and the automobile suddenly moved backward, knocking the plaintiff to the ground; that the plaintiff, at the time, did not intend to enter the automobile, but had returned solely for the purpose of asking the defendant to accompany her into the restaurant. It was definitely found that at the time of the injury the gratuitous undertaking of the defendant had been temporarily abandoned "to permit the plaintiff to enter the restaurant for the purpose of [buying] sandwiches; that the gratuitous guest relationship which had previously existed between them had terminated and had not again come into existence at the time of her injury; and that as the plaintiff had no intention of entering the automobile, the accidental backing of same, after she had returned to it for another purpose, was no part of the gratuitous undertaking assumed by the defendant to transport the plaintiff to her home." The judge ruled that there was no evidence of gross negligence on the part of the defendant, but denied requests to the effect that the plaintiff was not entitled to recover on the grounds that at the time of her injury she was a guest and that the gratuitous undertaking had not ceased.

We are of opinion that it was error to deny these requests. No recovery is sought on the ground that the defendant was grossly negligent, and the plaintiff's case necessarily must stand, if at all, upon the proposition that she was not a "guest" of the defendant as that word is commonly used (see *Ruel* v. *Langelier*, 299 Mass. 240, 242), and that if she were not, the defendant would be liable for his negligence unless she were contributorily negligent. Compare *Roiko* v. *Aijala*, 293 Mass. 149, 155. In somewhat different circumstances it was said in *Head* v. *Morton*, 302 Mass. 273,

at page 280: "The real test is to determine whether a gratuitous undertaking of the defendant had begun when the plaintiff was injured." *Donahue* v. *Kelley,* 306 Mass. 511. In the case at bar, the issue is whether the gratuitous undertaking of the defendant, already begun, was interrupted so that it had actually terminated and had not come into existence again at the time of the plaintiff's injury.

Here we have a definite undertaking, entirely gratuitous, to transport the plaintiff to her home. The decision to stop at the restaurant was made by both the plaintiff and the defendant, and the purpose of this stop was to procure sandwiches, which were to be eaten by both of them at the plaintiff's home. Although it does not appear just why the gear of the automobile was in reverse, nevertheless it does appear that, when the plaintiff left the automobile, the motor was running and the door was open. It is obvious that the defendant's foot was on the clutch pedal. The plaintiff, without entering the restaurant, returned to the automobile, and while she had one foot on the running board the defendant's foot slipped from the pedal and the automobile moved, the open door striking the plaintiff. We are unable to see in this any warrant for the finding that the guest relationship had terminated. Notwithstanding the testimony of the plaintiff, which was admitted over the defendant's objection and upon which the finding of the trial judge was based, that the plaintiff, at the moment, had no intention of reëntering the automobile, clearly the transportation undertaking had not been completed. The stop, which was for a common purpose, was an incidental part of the transportation, and a part of the undertaking would not have been completed unless or until the sandwiches were procured or, at least, until the common purpose to obtain them had been abandoned.

It is worth while to repeat again what was said in *Ruel* v. *Langelier,* 299 Mass. 240, at page 242: "Coming now to the case before us, it must be clear that the degree of the defendant's duty does not depend upon the physical position of the plaintiff at the moment of the accident, or upon whether she was then in the defendant's automobile or out-

side of it, or upon whether in everyday language she would be described as a guest. The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed."

The case is distinguishable from *Fone* v. *Elloian*, 297 Mass. 139, where it was held that the earlier common interest of the plaintiff and defendant, the transportation of the plaintiff, had ceased, and that no further journey was immediately contemplated. In view of our conclusion, it is unnecessary to consider the question of the admissibility of the evidence as to the plaintiff's intention.

The order of the Appellate Division dismissing the report is reversed, and the finding for the plaintiff is vacated; and since the correct disposition of the defendant's requests, hereinbefore referred to, would have disposed of the case in favor of the defendant, judgment is to be entered for the defendant. *Keeney* v. *Ciborowski,* 304 Mass. 371, 374.

*So ordered.*