CASTLE v. McKEOWN.

1. AUTOMOBILES—PURPOSE OF GUEST PASSENGER ACT.
  The purpose of the so-called guest passenger act is to protect owners and operators of automobiles from liability for ordinary negligence arising during the gratuitous passage furnished to others (CL 1948, § 256.29).

2. SAME—GUEST PASSENGERS—BRIEF DEPARTURE FROM CAR.
  Plaintiff who had alighted from defendant's car for personal relief and, upon return 5 minutes later, was injured by being run over when about to re-enter car, was yet a guest and unable to recover for ordinary negligence of defendant motorist, where the parties were en route home from lake resort at which they had spent a portion of Sunday afternoon (CL 1948, § 256.29).

Appeal from Shiawassee; Lyons (Willis), J. Submitted April 6, 1950. (Docket No. 23, Calendar No. 44,717.) Decided May 18, 1950.

Case by Ella Castle against Charles McKeown for personal injuries sustained when defendant's automobile ran over her. Judgment for defendant. Plaintiff appeals. Affirmed.

*Gregg, Thompson, Glassen & Parr* and *James Miner,* for plaintiff.

*V. O. Braun* and *Kenneth B. Kelly,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, § 237.
[2] 5 Am Jur, Automobiles, § 239.
[2] Who is a guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest. 82 ALR 1365; 95 ALR 1180.

Bushnell, J.  Plaintiff Ella Castle was injured when the car of defendant Charles McKeown ran over her.  The parties, who had known each other for some years, left Lansing together one summer Sunday afternoon.  They drove in the McKeown car to Lake Lansing, where they spent the remainder of the day and ate the usual park refreshments.

While en route home, after dark, Mrs. Castle told McKeown that she was ill and asked him to stop the car.  He apparently did not hear her, but did stop shortly thereafter to examine his rear tire which he thought was flat.  The car was then at the side of a country road on a slight upgrade, with the motor running and the emergency brake not set.  Both parties left the car.  Mrs. Castle claims that she went to a shed in a nearby field.  When she returned in a few minutes, McKeown was not in the car.  She opened the door on the right side and put one foot on the running board.  As she was about to enter, the car moved and she was thrown under it.  McKeown then stopped the car, saw Mrs. Castle lying on the ground, helped her in and took her to a hospital.  Her legs were seriously injured.

Plaintiff's declaration is based on negligence.  She neither claimed nor proved wilful and wanton misconduct or gross negligence.  The trial judge, who heard the case without a jury, found McKeown negligent and Mrs. Castle free from contributory negligence.  He held, however, that she was being transported as a guest within the meaning of the guest act (CL 1948, § 256.29 [Stat Ann § 9.1446]) and denied recovery.

On appeal plaintiff contends that the transportation ceased when the car was stopped and the parties alighted.  She argues that the trip had not yet been resumed when she was injured and, therefore, at that time she was not being transported as a guest, citing

*Hunter* v. *Baldwin,* 268 Mich 106, and *Brown* v. *Arnold,* 303 Mich 616.

The purpose of the guest act is to protect owners and operators of automobiles from liability for ordinary negligence arising during the gratuitous passage furnished to others. *Hunter* v. *Baldwin, supra,* and *Langford* v. *Rogers,* 278 Mich 310, 319.

In the instant case the journey had not ended. The interruption was not over 5 minutes and was for purposes directly related to the trip and mutually beneficial to both driver and passenger. Transportation from the lake to plaintiff's home was still in progress at the time Mrs. Castle was injured. She was then a guest being transported within the meaning of the statute.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.