104 So.2d 882 (1958)
Rose G. KAPLAN, Appellant,
v.
Bernard TAUB, Appellee.
No. 58-21.
District Court of Appeal of Florida. Third District.
July 30, 1958.
Rehearing Denied September 29, 1958.
*883 Courshon, Fink & Goldworm, Miami Beach, for appellant.
Dixon, DeJarnette, Bradford & Williams and John W. Thornton, Miami, for appellee.
HORTON, Judge.
A summary judgment was entered against the appellant who was the plaintiff below. This appeal is from that judgment.
Briefly, the facts are that appellant, together with her sister, met appellee in a shoe repair shop on Miami Beach. The appellee's car was parked in front of the shoe repair shop with the motor running, the hydro-matic gear in reverse and the emergency brake on. The appellee offered, and the appellant and her sister accepted, an invitation to ride in the appellee's car to Jordan Marsh Department Store in Miami. Appellant's sister entered the rear door of the car and the appellee entered the front of the car at the driver's seat. Appellant, with her hand on the handle of an open door of the car, was about to enter the front seat when appellee released the brake causing the car to be propelled backward at a high rate of speed. The appellant was knocked to the sidewalk by the sudden backward motion of appellee's car and as a result she suffered injuries.
Appellant's amended complaint in alternative counts charged appellee with (a) simple negligence in the operation of his motor vehicle and (b) gross negligence in such operation. Under the charge of simple negligence the appellant claimed to be a pedestrian while under the charge of gross negligence she assumed the role of appellee's guest.
After appellee had taken the depositions of appellant and her sister, he moved for summary judgment and it was granted.
From the pleadings and briefs filed, as well as oral arguments before the court, we conclude there are two main issues to be decided by this appeal, i.e., (1) was appellant a guest within the meaning of § 320.59, Fla. Stat., F.S.A., and (2) whether or not summary judgment was proper under the facts.
The appellant strenuously contends that she was not a guest within the purview of § 320.59, supra, because she had never reached the point of being "transported" by appellee but at most was "about to be transported" when her injuries were sustained. In brief, the appellant argues that until she became a passenger in the appellee's automobile no transportation had begun or could begin so as to bring her within the statute. Appellant cites Guest Statutes of California and Iowa as well as decisions of those states construing the respective statutes and urges our adoption and application of the principle embodied in those decisions. Such contention is without merit and has previously been rejected by the *884 Supreme Court of Florida in Fishback v. Yale, Fla. 1955, 85 So.2d 142, 147. Instead, the court adopted the view expressed in the decisions of Michigan and Massachusetts where it said:
"The statutes of Michigan and Connecticut and the Rule established by Judicial Decision in Massachusetts are for the purposes of this, the instant case, the same as our guest statute * * *"
The court then proceeded to review decisions of Michigan construing their guest statute and the decisions of Massachusetts defining the rule as to liability of an automobile host or operator to his guest, which in substance is the same as the Florida Guest Statute. Although the factual situation in Fishback v. Yale, supra, is not identical to the case at bar, we nevertheless conclude that the principles adopted and followed therein are applicable. In the Fishback case, the Supreme Court of Florida adopted the Michigan and Massachusetts version of liability, the real test of which is to determine whether a gratuitous undertaking of the automobile operator had begun when the injury occurred. Illustrative of the application of the test and factually in point is the case of Head v. Morton, 1939, 302 Mass. 273, 19 N.E.2d 22, 25. In that case Miss Head was about to enter the automobile driven by Mrs. Morton. The Morton automobile had stopped at the sidewalk to pick up Miss Head and other friends of Mrs. Morton. Mrs. Morton apparently started her car while Miss Head had her hand on the door and her foot on the running board of the car; the car door struck Miss Head, thereby resulting in injuries to her. The main question was whether Miss Head was a guest within the Massachusetts rule. In holding that she was, the Supreme Court of Massachusetts said:
"* * * The degree of the defendant's duty depends upon whether the act of the defendant claimed to be negligent was an act performed in the course of carrying out the gratuitous undertaking which the defendant had assumed."
Further the court said:
"We think that the defendant in the case at bar had assumed the gratuitous undertaking of transporting the plaintiff to her home, and that her act in starting the automobile was part of this undertaking."
We think that the applicability of the rule to the facts in the case at bar is inescapable. The appellant had her hand on the door of appellee's automobile as an act preparatory to entering the vehicle. The appellee was at the steering wheel of his vehicle awaiting the appellant's entry therein and that his act of releasing the brake and starting the automobile was in furtherance of his prior gratuitous undertaking.
The appellant has urged reversal of the summary judgment upon the further ground that although the relationship of guest and host may have existed there still remained a question of fact for a jury as to whether the appellee's actions constituted gross negligence. We have carefully considered the briefs and appendices of the parties as well as the depositions of appellant and her sister and conclude, as did the trial judge, that appellee's actions did not constitute gross negligence or willful and wanton misconduct. The act of appellee that proximately resulted in the injuries to appellant was in releasing the brake on his car. Certainly this act was imprudent, but coupled with all attendant circumstances could not be said to constitute wanton and willful misconduct. Fishback v. Yale, supra; DeWald v. Quarnstrom, Fla. 1952, 60 So.2d 919.
In view of the opinions herein expressed, it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.