MARY RAINSBARGER, appellee, v. THOMAS R. SHEPHERD, appellant.

No. 50740.

(Reported in 118 N.W.2d 41)

NOVEMBER 13, 1962.

Ned P. Gilbert, of Oskaloosa, for appellant.

Heslinga & Heslinga, of Oskaloosa, for appellee.

MOORE, J.—Only plaintiff testified as to events of the acci-

dent on March 11, 1961, when she received serious injuries. Plaintiff was born and always lived on a farm in Mahaska County where the accident happened. From 1930 defendant had lived at plaintiff's home. She took him in at age 14 and testified, "I was just like a mother to him". On many prior occasions they went in defendant's car to visit plaintiff's nephew. They planned such a trip on March 11. Defendant went to the garage and drove his car near the yard gate where he generally picked up the plaintiff. The car was stopped with the right seat near the gate. Plaintiff walked from the house through the gate, opened the right car door, pushed it back until it caught so as to enter the automobile, and had her hand on the car door when the car started in reverse. She was knocked down and crushed between the lower edge of the door and the ground. As plaintiff opened the door defendant was checking the outside lights of his car which was "tolerably new to him". He was not looking at her when she attempted to enter the car. Defendant's answer admits he was operating his car at the time of the accident.

After overruling defendant's motion for a directed verdict, the trial court submitted the case on the elements of an ordinary negligence case as alleged in plaintiff's petition. The jury returned a verdict for plaintiff. From a judgment thereon defendant has appealed.

Defendant assigns but one error. He contends he was entitled to a directed verdict as plaintiff was a guest when she attempted to enter his automobile and that recovery is barred for ordinary negligence under the provisions of section 321.494, Iowa Code. It provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

Innumerable opinions have been written by this court and those of other jurisdictions construing and interpreting the meaning of guest statutes. The holdings of the courts are not in agreement as to when the status of host and guest is established or

ceases. Many of the cases on the subject are collected in the annotation in 50 A. L. R.2d 974, where a variety of holdings will be found.

The trial court's ruling referred to Smith v. Pope, 53 Cal. App.2d 43, 127 P.2d 292; Boyd v. Cress, 46 Cal.2d 164, 167, 293 P.2d 37, 39, and three Iowa cases.

In Smith v. Pope, supra, plaintiff had hold of the car door in process of entering defendant's car to go to a social event and was injured when defendant's foot slipped off brake pedal resulting in a movement of the car and plaintiff being thrown to the ground. The court held plaintiff was not then a guest as the California statute contained the phrase "during such ride". In Boyd v. Cress, supra, plaintiff was injured when defendant's car rolled back and he was struck by the car door while attempting to re-enter defendant's car. After citing other California cases the court said:

"This consistent line of authority establishes the rule that the protection of the guest statute extends only to injuries suffered 'during such ride' in the sense that the plaintiff remained in or upon the vehicle at the time of the accident."

The California cases state a strict rule of construction is followed in construing their guest statute. These cases are of little value as we apply a rule of liberal construction.

In Clinger v. Duncan, 166 Ohio St. 216, 141 N.E.2d 156, a divided court of four to three held plaintiff was not a guest when injured when she attempted to re-enter defendant's automobile to resume their trip to a social event. The Ohio guest statute included "while being transported". That court follows a rule of strict construction of the guest statute.

In Nemoitin v. Berger, 111 Conn. 88, 89, 149 A. 233, 234, defendant invited plaintiff to ride home from the beach in defendant's automobile. Plaintiff took his seat beside the defendant. Defendant reached over and closed the car door. Two fingers of the plaintiff were caught between the rear part of the door and the jamb and severely injured. The court held plaintiff was a guest and said:

"The statute provides that no person 'transported by the owner or operator of a motor vehicle as a guest' without payment

shall be entitled to recover for an injury except in accordance with its terms. When the plaintiff entered the car to take his place for the purpose of immediate transportation he came within the purview of the statute; he had then put himself under the care of the defendant and his actual relationship as guest toward the defendant had begun; and that the automobile had not started to move is not a controlling circumstance."

The facts in Kaplan v. Taub, Fla. App., 104 So.2d 882, are much like the case at bar. Plaintiff in that case had accepted defendant's invitation to ride in defendant's car. Plaintiff had her hand on the handle of an open front door and was about to enter the front seat when defendant released the brake causing the car to be propelled backward knocking plaintiff to the sidewalk. The Florida guest statute says "being transported". The court held plaintiff was a guest when injured. At page 884 of 104 So.2d, the court said:

"The real test of which is to determine whether a gratuitous undertaking of the automobile operator had begun when the injury occurred. Illustrative of the application of the test and factually in point is the case of Head v. Morton, 1939, 302 Mass. 273, 19 N.E.2d 22, 25. * * * The appellant had her hand on the door of appellee's automobile as an act preparatory to entering the vehicle. The appellee was at the steering wheel of his vehicle awaiting the appellant's entry therein and that his act of releasing the brake and starting the automobile was in furtherance of his prior gratuitous undertaking."

In Castle v. McKeown, 327 Mich. 518, 42 N.W.2d 733, plaintiff had opened the car door to re-enter the vehicle. Plaintiff had one foot on running board and the other on the ground when the car suddenly moved. After observing the purpose of the guest statute the court held she was a guest when injured. In Marsh v. Hogeboom, 167 Kan. 349, 352, 353, 205 P.2d 1190, 1192, 1193, the guest alighted from the car and took hold of the door handle to close it when the car started up causing plaintiff's injuries. The court held she was still a guest. The Kansas court said:

"We think every case of this character must of necessity be decided upon its own peculiar facts. * * * It seems to us it would be drawing too fine a distinction to say if the negligent act of

the driver occurred after the car had stopped and while the guest was endeavoring to open the door from the inside, the negligence occurred in the course of the gratuitous undertaking but if the negligent act occurred while the guest was endeavoring to close the door from the outside then the negligence did not occur in the course of the gratuitous undertaking. The closing of the door was the natural, the normal act culminating the gratuitous undertaking. The alleged negligence occurred while that act was in progress."

For similar holdings see Hobbs v. Irwin, 60 N. M. 479, 292 P.2d 779; LaRue v. Hoffman, Fla. App., 109 So.2d 373; Ethier v. Audette, 307 Mass. 111, 29 N.E.2d 707; Head v. Morton, 302 Mass. 273, 19 N.E.2d 22.

In Tallios v. Tallios, 350 Ill. App. 299, 304, 305, 112 N.E.2d 723, 725, the truck in which plaintiff was riding was brought to a stop, she backed out of the seat, opened the door, felt under the seat for her purse while standing on the ground, and as she reached to close the door the truck started and she was injured. The Illinois guest statute denies a right of action to any "person riding in a motor vehicle as a guest, without payment for such ride," for injury. The court after stating the purpose of the statute was to protect the generous driver who gratuitously renders a service to his fellow traveler said:

"A narrow or literal interpretation of the words 'person riding in a motor vehicle as a guest, without payment for such ride,' limiting the effect of the statute to accidents occurring when a guest is seated in an automobile in motion, would defeat, or at least impair, the purpose of the legislation. To give full effect to the legislative intent a generous owner or driver must be protected at all times that the relation of host and guest exists in connection with the free ride. The beginning and end of that relation is not unlike the beginning and end of the relation of carrier and passenger for hire in a public conveyance. In the latter case the relation begins with the attempt of the passenger to enter the conveyance and ends when he has alighted in safety on completion of the journey. * * * So, the relation of host and guest between automobile owner or driver and a passenger riding without payment of compensation begins when the guest attempts

to enter the automobile, and ends only when he has safely alighted at the end of the ride. Here the ride had not terminated. Plaintiff was injured before she reached her destination. The stopping of the automobile to permit further search for plaintiff's purse and the act of plaintiff in getting out of the car to more effectively make the search were usual and customary acts incidental to a normal courtesy to plaintiff as defendant's guest. She did not lose her status as a guest."

This holding is reasonable as applied to the facts in the case now before us.

The trial court referred to Puckett v. Pailthorpe, 207 Iowa 613, 223 N.W. 254; Samuelson v. Sherrill, 225 Iowa 421, 280 N.W. 596, and Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465, 50 A. L. R.2d 964. Each determines the plaintiff was not "riding in" defendant's automobile, under the facts shown. In the Puckett case plaintiff was injured when as she attempted to open defendant's car door it fell off and struck her foot. Defendant was not present nor was the motor vehicle being operated. Defendant was eating at the Y.M.C.A. and had told plaintiff if she would wait until he finished eating he would take the plaintiff and her children home. The case was decided on the basis the car was not being operated, there was no host and therefore plaintiff was not a guest. With this conclusion we do not disagree. A rule of strict interpretation is clearly indicated in the Puckett case which is contrary to our now well established rule of liberal construction of the guest statute. It necessarily follows we now disagree with much of the dicta in that case.

In Samuelson v. Sherrill, 225 Iowa 421, 280 N.W. 596, a child, on a sled hooked on defendant's automobile, became frightened, released the sled and turned in front of another vehicle. We held plaintiff was not riding in defendant's car and was not a guest. Under the facts the parties never intended plaintiff should become a passenger. No attempt was made to enter defendant's car. This case can be of no comfort to the plaintiff in the case at bar except it sets out a quote from the Puckett case with which we do not now entirely agree.

Plaintiff's decedent in Shinofield v. Curtis, 245 Iowa 1352, 1356, 66 N.W.2d 465, 50 A. L. R.2d 964, had been a guest in

defendant's truck. She alighted, said "Goodnight", closed the door, defendant paused a few seconds and started his truck into a right turn. Plaintiff's decedent was run over by the truck's dual wheels. We said: "By no stretch of imagination can it be said decedent was riding in the truck when she was injured."

The facts are much different from those in the case at bar.

The purpose of our guest statute is to protect automobile drivers and owners from claims made by persons who were riding in the motor vehicle as guests, or by invitation and not for hire except as in the statute provided. It is desirable to cut down litigation arising from the commendable unselfish practice of sharing with others transportation in one's vehicle and protect the Good Samaritan from claims based on negligence by those invited to ride as a courtesy. Bookhart v. Greenlease-Lied Motor Co., 215 Iowa 8, 244 N.W. 721, 82 A. L. R. 1359; Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147; Sullivan v. Harris, 224 Iowa 345, 276 N.W. 88; Murray v. Lang, 252 Iowa 260, 106 N.W.2d 643; Horst v. Holtzen, 249 Iowa 958, 90 N.W.2d 41; Hardwick v. Bublitz, 253 Iowa 49, 111 N.W.2d 309. See also 45 Iowa Law Review 170.

Although our guest statute is in derogation of the common law it is to be liberally construed with a view to promote its objects and assist the parties in securing justice. Section 4.2, Code, 1958, 1962; Sullivan v. Harris, 224 Iowa 345, 358, 276 N.W. 88; Murray v. Lang, 252 Iowa 260, 265, 106 N.W.2d 643, 647; Hardwick v. Bublitz, 253 Iowa 49, 54, 111 N.W.2d 309, 312.

In Horst v. Holtzen, 249 Iowa 958, 90 N.W.2d 41, defendant-operator of the car in which plaintiff was riding left the vehicle to assist another guest in crossing the street and was outside the car when it started in motion resulting in a collision and plaintiff's injury. Having in mind the purpose of our guest statute and the rule of liberal construction we held defendant, although out of the vehicle, was still the operator and plaintiff a guest. At page 972 of 249 Iowa, page 49 of 90 N.W.2d, we said: "The statute must be read in the light of common sense, as a guide to what the legislature intended in enacting it."

In analyzing the guest statutes of the many states, including our own, it becomes important to carefully consider the language

used, the purpose of the legislature, and the rule of construction. Having done so our decision must rest on the particular facts involved in each case as it may arise. See 45 Iowa Law Review 170. In Schneider v. Parish, 242 Iowa 1147, 1151, 49 N.W.2d 535, 537, in referring to our guest statute, we said:

"It is cold comfort for a lawyer, or a trial judge, who finds himself involved with this statute, to be told that each case must depend upon a proper interpretation of the law as applied to the particular facts before him; but certainly no hard and fast rule which will apply to all situations can be devised."

In the case at bar the evidence fails to show whether some backward movement of the car was necessary in starting the trip. If plaintiff had reached the seat of the car and was then thrown out before getting the door closed, common sense would compel the conclusion she was then a guest. Likewise common sense as applied to the facts in this case brings us to the conclusion she was a guest while attempting to enter the car then being operated by the defendant for the agreed purpose of going to visit a short distance away. Her "riding in" had started. She was then a guest. Defendant's motion for a directed verdict should have been sustained.

To the extent our holding conflicts with the holding and dicta in Puckett v. Pailthorpe, supra, that case is overruled.

This case is—reversed.

HAYS, LARSON, THOMPSON, PETERSON and SNELL, JJ., concur.

GARFIELD, C. J., and THORNTON, J., dissent.

STUART, J., takes no part.

GARFIELD, C. J. (dissenting)—I must dissent.

This is a synopsis of the evidence on the point at issue: "I went down the walk to the car and took hold of the handle of the door and opened it and pushed it back. * * * when I did that he started the car up and it was in reverse and it come back and knocked me down. * * * The car door certainly hit me. * * * I was holding onto the door. * * * I was going to get in and we was going over to my nephew's. Just before * * * the car started

to back up Tom \* \* \* was looking at the \* \* \* outside car lights. \* \* \* The car was not running when I opened the door. \* \* \* I hit the ground when I fell. I landed on my back."

Our guest statute, Code section 321.494, applies "to any passenger or person *riding in said motor vehicle* as a guest or by invitation and not for hire." (Emphasis added.)

The grounds of defendant's motion for directed verdict, which the majority holds should have been sustained, are in substance and effect that as a matter of law plaintiff was a guest or person *riding* by invitation *in* the automobile of defendant. To hold that common sense leads to the conclusion plaintiff as a matter of law was riding in defendant's motor vehicle at the time she was injured is obvious error. There is no evidence plaintiff was "riding in said motor vehicle." Indeed there is no evidence she was "riding" nor that she was "in said motor vehicle", under any fair meaning of these words.

The practical effect of the majority's holding is to read out of our guest statute the language "riding in said motor vehicle." This is done under the guise of liberal construction of the statute. "There are bounds beyond which the doctrine of liberal construction of statutes may not lead us. It is subject to the principle that all rules of statutory construction are merely for the purpose of ascertaining legislative intent. It does not authorize us to change the reasonable meaning of the language of the statute [citations]." Bergeson v. Pesch, 254 Iowa 223, 228, 117 N.W.2d 431, 434.

A cardinal rule of statutory construction repeatedly recognized by us is that effect will be given if possible to every word of a statute. It is presumed the legislature inserted every part for a purpose. The majority has no right to read the quoted words out of our guest statute.

Unquestionably under any fair view of the evidence plaintiff had a right of action at common law against defendant for negligence. We have held several times "the rule is well established that a statute will not be construed as taking away a common-law right unless that result be imperatively required." Hardwick v. Bublitz, 253 Iowa 49, 59, 111 N.W.2d 309, 314, cited by the majority, holds this rule is applicable to a claim our guest statute

has taken away a common-law right of action. We have also held the rule is applicable to a claim the Workmen's Compensation law has taken away a common-law action. Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 388, 101 N.W.2d 167, 174. And of course the compensation Act must be liberally construed. Certainly the language of the guest statute does not imperatively require the majority's holding that plaintiff is deprived of her common-law action.

Puckett v. Pailthorpe, 207 Iowa 613, 617, 618, 223 N.W. 254, 256, cited by the majority, is more like the present case on its facts than any other Iowa case. It holds plaintiff there was not a guest. The majority brands the following language as dicta although it is nothing of the kind:

"Plainly, a passenger, under this legislation, signifies one who is on a journey or trip, riding, without fare, in a motor vehicle operated by a driver. * * * Moreover, the one who is called a 'passenger' must be riding in the car. To place emphasis upon this interpretation, the legislature confined the passenger or person named in the section to one who is 'riding in' a motor vehicle 'as a guest or by invitation, and not for hire.' Then, if such 'guest or person' is not 'riding,' the statute under consideration has no application. 'Riding' modifies both passenger and person.

"When did the statute intend one to be 'riding?' More is required than merely entering the conveyance. Entrance must be made into an automobile then in the operation of a driver, so that a journey can be taken."

The construction of our guest statute so clearly enunciated in Puckett v. Pailthorpe has stood for nearly 34 years. Most of the language just quoted is adopted as the basis for our decision in Samuelson v. Sherrill, 225 Iowa 421, 280 N.W. 596. Shinofield v. Curtis, 245 Iowa 1352, 1356, 66 N.W.2d 465, 468, 50 A. L. R.2d 964, quotes with approval this from the Puckett decision: "Then, if such 'guest or person' is not 'riding,' the statute * * * has no application."

I think the construction these three Iowa decisions give our guest statute is sound. I would adhere to them. No Judge dissented from any of them. Such construction gives effect to the

language of the statute "riding in said motor vehicle", in obedience to a fundamental rule of statutory construction. It also does not violate our recently adopted rule 344(f)13: "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

If the guest statute is to be extended it is the function of the legislature to do it. The majority should not do so under the guise of liberal construction.

Of course I would affirm.

THORNTON, J., joins in this dissent.