**Ross HICKMAN, Appellant,**

v.

**Beulah FINLAY, Appellee.**

**No. 11310.**

Court of Civil Appeals of Texas.

Austin.

June 2, 1965.

Rehearing Denied June 23, 1965.

Long, Aronson & Coleman, Tom Long, Austin, for appellant.

Byrd, Davis & Eisenberg, Tom H. Davis, Marion S. Roberts, Jr., Austin, for appellee.

PHILLIPS, Justice.

Appellee, Beulah Finlay, brought suit to recover damages for personal injuries which she sustained when she was struck by the door of an automobile driven by her cousin, appellant Ross Hickman.

Appellant and appellee had been attending a family reunion at the home of a relative. At the conclusion thereof, appellee and appellant's mother decided to leave with appellant and have him drive them home. Appellant went by himself to his car, started it and backed it approximately two car lengths so that the right front door of the car was in front of a driveway in which appellee and his mother were standing. Upon reaching this position, appellant brought his car to a complete stop in the street, the car lights on, the motor running, and the automatic transmission in reverse gear. Appellant maintains that he fully applied the emergency foot brake, however the evidence is not conclusive on this point.

Appellant then waited from five to fifteen minutes while the family gathered in the driveway, talking. During this period, he noticed some articles on the back seat which he felt should be rearranged to make more room on the seat. In order to rearrange the articles, appellant turned around facing the back seat with his right knee upon the front seat and his left foot and leg extended straight. While he was attempting to rearrange the articles, his left foot apparently hit the accelerator causing the car to lurch to the rear from three to five feet. At this time the right door of the automobile, which was four feet, three inches long, was open and appellee and appellant's mother were within the area of the door. The open door knocked both women down and pinned appellee to the ground. A relative reached down, grabbed the bottom of the car door and lifted it up taking the pressure of the car off appellee. Appellee was taken immediately to the hospital and this suit grew out of her injuries.

At the time the car lurched backward, appellee had not touched the door of the car, had not begun to bend over to get into the car, had not lifted either leg or made any move to get into the car. Neither had appellant's mother made any movements toward the car before she was struck.

Judgment in the trial court was for appellee and we affirm this judgment.

■ Appellant is before this Court on three points of error. The first two points are the error of the trial court's judgment in that there is no evidence of appellant's negligence and the judgment is against the great weight and preponderance of the evidence.

We overrule these points.

The testimony of appellant himself supplies ample evidence that he was negligent in more than one respect in failing to stop his motor while he rearranged the articles in the back seat, in failing to remove the car from gear prior to rearranging the articles in the back seat, in allowing his foot to come in contact with the accelerator pedal which caused the car to lurch to the rear, and in failing to keep a lookout to determine the whereabouts of his prospective passengers. There is direct evidence unaided by presumptions or inferences that the motor of the vehicle was left running, that the vehicle was left in gear and that appellant's foot struck the accelerator causing the movement complained of.

■ Appellant's third point of error is that of the trial court in holding that appellant's negligence was not a part of and incident to his gratuitous undertaking to transport appellee, so that appellant would have the benefit and protection of the Texas Guest Statute, Article 6701b, Vernon's Ann. Civ.St.

We overrule this point.

Section 1, of Art. 6701b is as follows:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such acci-

dent shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

In Gregory v. Otts, Tex.Civ.App., 329 S.W.2d 904, writ refused n.r.e., the court stated that in such a case as we have here the first question to be determined is whether or not we have a guest case; that the guest statute, cited above, is in derogation of the common law and although the statute will be construed liberally to effect the purpose sought to be accomplished, it will be strictly construed in the determination of whether or not the passenger was a guest.

In Paul v. Floyd, Tex.Civ.App., 337 S.W. 2d 632, error refused, the court refused to apply the guest statute to a plaintiff who undoubtedly had been the guest of the defendant and had been riding in defendant's car. However, this plaintiff had alighted from defendant's car and was proceeding around the front of defendant's car to her own car that was parked nearby. Defendant's foot slipped off the brake and his car lunged forward and struck the plaintiff. The court apparently held that the transportation of this guest had ended. By analogy we hold that under the facts before us, appellee's transportation as a guest had not yet begun.

Appellant has cited cases from other States with statutes similar to ours where the statute has been held applicable to persons injured either entering[1] a vehicle or alighting[2] from same or who were injured while momentarily leaving[3] a vehicle in which they had undoubtedly been guests. These cases present fact situations different from the case at bar in that the injured party was in actual contact with the vehicle in which they either were to become or had been guests; or, their momentary departure from the vehicle in which they were

guests and their subsequent injury was a mere interruption in a journey that had not as yet ended.

We affirm the judgment of the trial court.

Affirmed.

---

1. Rainsbarger v. Shepherd, 254 Iowa 486, 118 N.W.2d 41 (1962), Kaplan v. Taub, Fla.App., 104 So.2d 882, Castle v. McKeown, 327 Mich. 518, 42 N.W.2d 733.

2. Marsh v. Hogeboom, 167 Kan. 349, 205 P.2d 1190.

3. Hobbs v. Irwin, 60 N.M. 479, 292 P. 2d 779.