Francisco **AGUILAR**, Plaintiff,

v.

Santiago **FLORES** and Elgin Venenga, **Defendants.**

No. C 74–22.

United States District Court, N. D. Iowa, Cedar Rapids Division.

Feb. 27, 1976.

Shulman, Phelan, Tucker, Boyle & Mullen, William M. Tucker, Bruce L. Walker, Iowa City, Iowa, for plaintiff.

Robert E. Ford, of Ford, Terpstra & Wilkinson, Cedar Rapids, Iowa, for defendant Santiago Flores.

James W. Crawford, Gerald T. Sullivan, Keyes & Crawford, Simmons, Perrine, Albright & Ellwood by Tom Riley, Cedar Rapids, Iowa, for defendant Venenga.

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion filed July 8, 1974, to dismiss counts 1 and 2 of the complaint.

In this diversity action, plaintiff seeks to recover damages for personal injuries allegedly sustained while he was attempting to push an automobile out of a ditch in which it had become stuck. The automobile was being operated by defendant Flores and was owned by defendant Venenga.

Ruling on the instant motion was previously reserved by the court in its order of August 20, 1974. Certain facts having been stipulated to in the final pretrial order, and the parties having submitted additional briefs, the motion now appears ripe for decision.

The sole issue raised by this motion is whether plaintiff's claims on theories of ordinary negligence and res ipsa loquitur are barred by operation of the Iowa "guest statute," § 321.494, Code of Iowa.[1] It is the court's view that the guest statute does not apply to bar plaintiff's claims here, and the motion must be denied.

■ In a diversity action, this court is to apply the substantive law of the forum state, including its conflict of law rules. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Brookley v. Ranson,* 376 F.Supp. 195, 198 (N.D.Iowa 1974). The parties do not dispute that Iowa law applies to the instant case, and the current rule of "most significant relationships" would apparently warrant this result. See *Brookley, supra* at 198; *Fuerste v. Bemis,* 156 N.W.2d 831, 833 (Iowa 1968).

■ The Iowa Supreme Court has not spoken consistently on the question of liability of a host-driver or owner who causes personal injury to a person who has ridden or is about to ride in the automobile but is injured while outside the vehicle. In an early decision concerning a plaintiff who was injured by a collapsing door while attempting to enter an automobile, the Iowa high court declared that the guest statute did not apply.[2] *Puckett v. Pailthorpe,* 207 Iowa 613, 223 N.W. 254 (1929). Significantly, the driver of the vehicle was not yet present when plaintiff sought to enter the car and wait for him, but nonetheless the court went on to discuss the breadth of the statute as follows:

[I]n determining the purpose of the lawmakers in describing the relationship designated as "passenger," it is imperative to consider the modifying words and phrases employed to express the exact thought in the premises. Plainly a passenger, under this legislation, signifies one who is on a journey or trip, riding, without fare, in a motor vehicle operated by a driver. Elaboration will elucidate. One thing is certain, and that is a journey is essential whether the route be planned or unplanned, definite or indefinite. It may be long or short, extending a

1. Section 321.494, Code of Iowa (1973), provides:

Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances, or because of the reckless operation by him of such motor vehicle.

2. The relevant language of the guest statute then in force, § 5026b1 (1927 Code), was identical with that of the statute in force at the time of the events herein, § 321.494 (1973 Code).

few feet only or many miles. Manifestly, section 5026b1, supra, contemplates a person on such journey in a motor vehicle, driven or operated by some one. Moreover, the one who is called a "passenger" must be riding in the car. To place emphasis upon this interpretation, the Legislature confined the passenger or person named in the section to one who is "riding in" a motor vehicle "as a guest or by invitation, and not for hire." Then if such "guest or person" is not "riding," the statute under consideration has no application. "Riding" modifies both passenger and person. 207 Iowa at 617, 223 N.W. at 256.

This language was subsequently cited with approval in two other cases wherein the court declined to apply the guest statute so as to bar a plaintiff's recovery in ordinary negligence where a plaintiff was not within the automobile when injured by its operation. *Samuelson v. Sherrill,* 225 Iowa 421, 426, 280 N.W. 596, 599 (1938) (injured minor had hooked sled onto rear bumper of auto); *Shinofield v. Curtis,* 245 Iowa 1352, 1356, 66 N.W.2d 465, 468 (1954) (plaintiff had alighted from truck in which she was riding).

Furthermore, a plaintiff who had alighted from an automobile to assist the driver in dislodging an automobile from a pile of rocks was allowed to recover on an ordinary negligence theory in *Kaffenberger v. Holle,* 237 Iowa 542, 22 N.W.2d 804 (1946). The guest statute was not raised as a barrier to recovery.

However, in *Rainsbarger v. Shepherd,* 254 Iowa 486, 118 N.W.2d 41 (1962), the guest statute's policy of fostering the actions of Good Samaritans was noted as justification for a trend to liberally construe the statute. Giving the statute a broad construction, the court in that case decided that the guest statute should apply to a plaintiff who was struck by the door of an automobile which had begun to move backwards as plaintiff attempted to enter the car.

The most recent discussion of the Iowa guest statute was in the context of a constitutional challenge on equal protection grounds. *Keasling v. Thompson,* 217 N.W.2d 687, (Iowa 1974). By a divided court, 5–4, the court upheld the validity of § 321.494 under both the Federal and the Iowa constitutions.

In dissent, Justice McCormick and three others would have joined the wave of other state supreme courts which have struck down guest statutes within their respective jurisdictions. 217 N.W. 2d at 697. *See, e. g., Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974); *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974); *Brown v. Merlo,* 8 Cal.3d 855, 106 Cal.Rptr. 388, 506 P.2d 212 (1973); *McConville v. State Farm Automobile Insurance Co.,* 15 Wis.2d 374, 113 N.W.2d 14 (1962). Concurring specially in the result, Justice LeGrand was joined by two other justices in concluding that the policy of the statute was perhaps unwise, but should be overturned by legislative rather than judicial action. 217 N.W.2d at 693. Thus it appears that seven of the nine justices currently view the guest statute as unwise or unconstitutional.

In the only case where the guest statute was applied to a person not riding within the vehicle at the time of the injury, the court specifically noted the importance of the statute's purpose and the prevailing rule of construction in construing its terms. *Rainsbarger,* 118 N.W.2d at 44. It is the opinion of this court that, in light of *Keasling, supra,* the Iowa Supreme Court would presently follow the series of cases which predated *Rainsbarger,* and would thus not apply the guest statute to bar plaintiff's claims on the facts of the instant case.

It is therefore

ORDERED

Denied.