Francisco AGUILAR, Plaintiff-Appellee,

v.

Santiago FLORES and Elgin Venenga,
Defendants-Appellants.

No. 76-1472. ·

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1977.

Decided Feb. 22, 1977.

James W. Crawford, and Tom Riley, Cedar Rapids, Iowa, for appellant.

Bruce L. Walker, Iowa City, Iowa for appellee; William M. Tucker, Iowa City, Iowa, on brief.

Before LAY, ROSS and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

This diversity action arose out of an automobile accident which occurred on a county road near Grundy Center, Iowa. At the trial the federal district court instructed the jury under counts of ordinary negligence and res ipsa loquitur and refused to apply the Iowa guest statute, Iowa Code § 321.494 (1973).[1] The plaintiff, Francisco Aguilar, was awarded damages for personal injuries against the defendants Elgin Venenga, the owner of the automobile, and Santiago Flores, the driver at the time of the accident. The defendants have appealed.

On May 16, 1973, Flores offered Aguilar a gratuitous ride from Grundy Center, Iowa, to Waterloo, Iowa, so Aguilar could look for employment in Waterloo. The evidence showed the defendant Flores had been drinking excessively. During the return trip he drove the automobile into a ditch. Aguilar got out of the car, allegedly to push it or to direct Flores out of the ditch. The

---

1. The Iowa guest statute provides:

The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances, or because of the reckless operation by him of such motor vehicle.

Iowa Code § 321.494 (1973).

automobile was subsequently backed into Aguilar and he suffered personal injuries.

The major issue on appeal is whether the Iowa guest statute is applicable so that the defendant may assert the defense of assumption of risk. All parties concede that Iowa law controls.

In an early Iowa case, the Supreme Court of Iowa announced that it would apply a strict construction to the Iowa guest statute. Under this construction the application of the guest statute depended on whether the plaintiff was actually "riding in"[2] the vehicle at the time of the accident. *See Puckett v. Pailthorpe*, 207 Iowa 613, 223 N.W. 254 (1929).

In 1962 the court disavowed the application of a strict construction of the statute followed in *Puckett* and indicated that the rule of liberal construction was now well-established. In *Rainsbarger v. Shepherd*, 254 Iowa 486, 118 N.W.2d 41 (1962), the Supreme Court of Iowa applied the guest statute to a plaintiff who was standing by the door of an automobile attempting to enter when the car moved backward. The court stated:

> Although our guest statute is in derogation of the common law it is to be liberally construed with a view to promote its objects and assist the parties in securing justice [citations omitted].

118 N.W.2d at 44.

In applying the guest statute in *Rainsbarger* the court quoted with approval from *Tallios v. Tallios*, 350 Ill.App. 299, 112 N.E.2d 723 (1953):

> The beginning and end of that relation is not unlike the beginning and end of the relation of carrier and passenger for hire in a public conveyance. In the latter case the relation begins with the attempt of the passenger to enter the conveyance and ends when he has alighted in safety on completion of the journey. . . . So, the relation of host and guest between automobile owner or driver and a passenger riding without payment of compensation begins when the guest attempts to enter the automobile, and ends only when he has safely alighted at the end of the ride.

112 N.E.2d at 725.

The *Rainsbarger* opinion similarly relies on *Castle v. McKeown*, 327 Mich. 518, 42 N.W.2d 733 (1950). There the Supreme Court of Michigan applied the guest statute to a situation where the passenger was not physically "riding in" the car at the time.

The federal district court here determined that *Rainsbarger* is the Supreme Court of Iowa's most recent pronouncement regarding who is a guest and that it indicates that the court would apply a liberal construction to the guest statute. The court determined however, that in *Keasling v. Thompson*, 217 N.W.2d 687 (Iowa 1974), a case challenging the statute's constitutionality, "it appears that seven of the nine justices currently view the guest statute as unwise or unconstitutional." The district court therefore concluded that "in light of *Keasling, supra,* the Iowa Supreme Court would presently follow the series of cases which predated *Rainsbarger,* and would thus not apply the guest statute to bar plaintiff's claims on the facts of the instant case."[3]

---

**2.** The decision in *Puckett v. Pailthorpe*, 207 Iowa 613, 223 N.W. 254 (1929), turned on the fact that the driver was not yet in the car. The court found that a person in a car without a driver was not a passenger; that in the absence of a driver there was no journey; and that consequently there was no "riding."

**3.** In addition to *Puckett v. Pailthorpe, supra,* the district court cited three early Iowa cases which are clearly distinguishable. In *Samuelson v. Sherrill*, 225 Iowa 421, 280 N.W. 596 (1938), a child had hooked his sled to the defendant's automobile. The court found that the child was not a passenger in the automobile within the meaning of the guest statute.

In *Shinofield v. Curtis*, 245 Iowa 1352, 66 N.W.2d 465 (1954), the passenger had alighted and said "good night." The court found that the journey had ended and the guest-host relationship no longer existed.

Finally in *Kaffenberger v. Holle*, 237 Iowa 542, 22 N.W.2d 804 (1946), although the circumstances were similar to those in the instant case, the guest statute was not raised by the parties nor discussed by the court.

■ Although "great weight" is to be accorded to the district court's determination of local law, this court is not bound by that determination. *Carson v. National Bank of Commerce Trust and Savings*, 501 F.2d 1082, 1083 (8th Cir. 1974); *Luke v. American Family Mut. Ins. Co.*, 476 F.2d 1015, 1019 (8th Cir. 1972), *cert. denied*, 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973). In reviewing the district court's determination we note that "the responsibility of the federal courts, in matters of local law, is not to formulate the legal mind of the state, but merely to ascertain and apply it." *Yoder v. Nu-Enamel Corp.*, 117 F.2d 488, 489 (8th Cir. 1941). The United States Supreme Court gives the following direction regarding the importance of a decision by a state's highest court:

> [T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given *clear and persuasive* indication that its pronouncement will be modified, limited or restricted [citation omitted].

*West v. American Telephone and Telegraph Co.*, 311 U.S. 223, 236, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) (emphasis added).

■ Here the district court apparently determined that the *Keasling* opinion was "clear and persuasive" indication that the Supreme Court of Iowa would no longer apply the *Rainsbarger* "liberal" construction view of the guest statute. We cannot agree.

The *Keasling* case was an attack on the constitutionality of the Iowa guest statute under equal protection and due process challenges. There was no question of, and no determination made as to, whether a "strict" or "liberal" construction should be applied in determining who is a guest. Although four dissenting justices indicated that they felt the statute was unconstitutional, and three concurring justices suggested it was unwise, there is no "clear and persuasive" indication that the court would overrule its *Rainsbarger* decision. To the contrary, we cannot conclude from *Keasling* that the Iowa court would apply the statute any differently than before.

The court in *Horst v. Holtzen*, 249 Iowa 958, 90 N.W.2d 41 (1958), states that "[t]he statute must be read in the light of common sense, as a guide to what the legislature intended in enacting it." *Id.*, 90 N.W.2d at 49. In *Rainsbarger*, as in the Michigan and Illinois cases relied upon, the court specifically finds that the purpose of the statute was to protect the owner or driver from liability for ordinary negligence *at all times* that the guest-host relationship exists. Although judges might disagree with the wisdom of such legislation, they still have a judicial obligation to construe the statute to effect the ends the legislature intended. We fail to see how the *Keasling* case can be interpreted to mean that the purpose of the statute should now be construed differently. The fact remains the constitutionality of the statute was upheld by the Supreme Court of Iowa. Even though it was a 5–4 vote, we do not feel the statute will be emasculated by judicial construction simply because the majority of the Iowa court feels it unwise.

We find that the district court should have accepted the last pronouncement of the Supreme Court of Iowa in *Rainsbarger* as defining Iowa state law. It should have submitted the case to the jury under the Iowa guest statute. In view of our holding requiring a new trial, we need not pass on the other issues raised.

We vacate the judgment for the plaintiff, reverse and remand for a new trial.